IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Pastificio Lucio Garofalo S.p.A., and<br>Garofalo USA, Inc., | Civ. No. |
| Plaintiffs, | |
| v. | **COMPLAINT FOR TRADEMARK<br>AND TRADE DRESS<br>INFRINGEMENT** |
| Dreamland Trading Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiffs Pastificio Lucio Garofalo S.p.A ("Garofalo S.p.A.") and Garofalo USA, Inc. ("Garofalo US") (together "Garofalo") for their Complaint against defendant Dreamland Trading Inc. ("Dreamland"), state and allege as follows:

## NATURE OF THE ACTION

1.      This is an action by Garofalo for trademark and trade dress infringement under the Lanham Act and deceptive trade practices under Minn. Stat. § 325D.44. Garofalo SANTA LUCIA pasta, distributed worldwide, is especially well-known in the Middle East and Eastern Africa. Immigrants from those region have brought the brand loyalty and knowledge of the SANTA LUCIA pasta with them to the United States, including Minnesota. Dreamland willfully distributes a knockoff pasta product using a mark that is substantially indistinguishable from Garofalo's SANTA LUCIA Mark, as shown below.

**Garofalo SANTA LUCIA Product**     **Infringing SANTA LUNA Product**

     

Furthermore, the packaging of the Infringing Product is virtually indistinguishable from the authentic Garofalo SANTA LUCIA product. The Infringing Product is of a lower quality and is sold at a much lower price in the U.S. This knockoff Infringing Product being sold and distributed by Defendant Dreamland has caused and will continue to cause irreparable harm to Garofalo, Garofalo's exclusive US distributor and the SANTA LUCIA brand.

## THE PARTIES

2.    Garofalo S.p.A. is an Italian corporation with its principal place of business in Gragnano, Napoli, Italy. Garofalo S.p.A. has been engaged in the manufacture, distribution and sale of various kinds of high-quality premium pasta since 1789.

3.    Garofalo US is the exclusive US distributor for the pasta made by Garofalo S.p.A. and is the exclusive licensee for the use of the Garofalo S.p.A. trademarks in the United States.

4.    On information and belief, Defendant Dreamland is a Minnesota corporation, with its principal place of business located at 582 Huset Pkwy NE, Columbia Heights, MN 55421. On information and belief, Dreamland is a distributor of consumer goods.

## JURISDICTION AND VENUE

5.    This Court has original subject matter jurisdiction over the trade dress infringement and trademark infringement claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) because they arise under Federal law, specifically the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and original and supplemental subject matter jurisdiction over the deceptive trade practices claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a)

because they are joined with and substantially related to claims under the trademark laws and are so related to the claims for which this Court has original jurisdiction that they form part of the same case or controversy.

6.    On information and belief, Dreamland is a Minnesota corporation, located in Minnesota, and transacts business in Minnesota in that it markets and distributes goods and services in Minnesota, including selling and offering for sale the Infringing Product.

7.    Garofalo's claims for relief arose in this district and Dreamland has transacted business and is found within this district, making venue over the claims proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8.    Garofalo S.p.A. produces and markets premium quality pasta products such as whole wheat, gluten free, and organic varieties of pasta. The company, based in Gragnano, Italy, a small town near Naples, was founded in 1789, when it was granted an exclusive license by the Italian government to install a pasta plant in Gragnano. Gragnano, considered the cradle of pasta, is ideally located between the mountains and the sea, giving it the ideal climate for pasta production and subsequent drying.

9.    One of the pasta products made by Garofalo S.p.A. and distributed in the United States by Garofalo US, is sold under the well-known brand SANTA LUCIA. Garofalo S.p.A. is the owner of a U.S. Registration No. 4104368 for the design mark:



The mark registered on February 28, 2012 ("SANTA LUCIA Mark") for use with pasta. Ex. 1.

10.    SANTA LUCIA pasta is sold in distinctive and recognizable packaging, which includes the SANTA LUCIA Mark. This unique packing and the SANTA LUCIA Mark has been used to identify and distinguish SANTA LUCIA pasta products in the United States since at least as early as 2005.



11.    As shown in the above image of the SANTA LUCIA packaging, the distinctive SANTA LUCIA Mark is centered on the package, with a majority of the central portion of the design mark in red. The rectangular boarder of the SANTA LUCIA design mark is colored blue and outlined in white. A white banner provides the background for the brand name SANTA LUCIA, which is in gold letters. A white banner also provides the

background for the term GRAGNANO. To the left of center, and next to the SANTA LUCIA Mark, is a red, white and green banner displayed above the phrase "100% durum wheat semolina macaroni product." Both ends of the packaging are mirror images of each other, set forth in a deep blue color with matching white banners with the name SANTA LUCIA in the banner and beneath each banner is a circle with a red "S" in the center. The combination of the above elements and overall appearance of the packaging is the "SANTA LUCIA Trade Dress."

12.    SANTA LUCIA pasta was one of the first pastas to be imported into Eastern Africa and became a very popular brand in places such as Somalia, Uganda and Kenya. The brand is also sold and widely known in the Middle East. *See, e.g.*, https://www.youtube.com/watch?v=6GNcErWSwwQ    (commercial    shown    in    Kenya); https://www.youtube.com/watch?v=tgbeTlyX3m4 (commercial shown in the Middle East & Somalia); and  https://www.youtube.com/watch?v=1DuRWDmqJVE (commercial shown in Uganda).

13.    Immigrants to the United States from Eastern Africa and from the Middle East are familiar with SANTA LUCIA branded pasta. Garofalo has been importing SANTA LUCIA pasta into the United States both to provide for those African and Middle Eastern consumers and to develop new fans since at least as early as 2005.

14.    Garofalo used several distributors in the United States to sell and distribute the imported SANTA LUCIA pasta. Prior to 2014, Dreamland was a sub-distributor of SANTA LUCIA pasta.

15.    In late 2013, it came to the attention of Garofalo that Dreamland was distributing a pasta product using the mark SANTA LUNA that is substantially indistinguishable from the SANTA LUCIA Mark ("SANTA LUNA Mark") and in packaging that was strikingly identical to the SANTA LUCIA packaging ("Infringing Product"):



16.    In addition, despite knowing about Garofalo's long-held rights in the SANTA LUCIA Mark, Dreamland applied for and received in 2013 a Minnesota trademark registration for the nearly identical SANTA LUNA Mark. When obtaining the registration, Dreamland claimed a date of first use of August 8, 2013, a date well after the priority date for the SANTA LUCIA Mark. *See* MN Reg. No. 694593400026. Ex. 2.



17.    The SANTA LUNA Mark shown above is substantially indistinguishable from the SANTA LUCIA Mark. The marks are identical except for a few minor

differences. The brand name in Dreamlands' mark is SANTA LUNA, a phrase nearly identical to the brand name in the SANTA LUCIA Mark. In comparing the marks, the first word is the same, SANTA, as well as the first two letters and the last letter of the second word. The font used in the two marks is nearly identical, if not identical. Both marks have the respective brand names displayed in a white banner across the top portion of the mark. Sheaves of wheat are below and the wheat in each mark is flanked by a circular design, in the middle of which is an "S."  Both marks have a smaller banner at the bottom of the mark, on the banner is the name of a location.

 

18.     On October 10, 2013, counsel for Garofalo sent Dreamland a cease and desist letter, demanding Dreamland cease all distribution and sale of the Infringing Product. Ex. 3.

19.     In a letter dated October 21, 2013, Dreamland agreed to cease all use of the SANTA LUNA Mark. Ex. 4.  Dreamland was given permission for a six-month sell-off period to sell the remaining product in inventory.

20.     In an Affidavit notarized on April 10, 2014, Mr. Mohamed Mohamed, who on information and belief is the owner of Dreamland, attested that at that time no SANTA LUNA products were being imported into the United States and that he had no intention of doing so in the future. Ex. 5.

21.    In early 2016, Capital Distributors LLC, became the exclusive U.S. distributor for SANTA LUCIA pasta.  Based on its past behavior, Dreamland was no longer authorized to sell or sub-distribute SANTA LUCIA pasta.

22.    Despite an agreement from Dreamland to cease the impermissible distribution and sale of the Infringing Product and despite Mr. Mohamed's attesting he was not and would not import the Infringing Product in the future, Garofalo became aware in late spring 2018 that Dreamland was indeed again importing and distributing the Infringing Product.

23.    On July 5, 2018, Garofalo sent a cease and desist letter demanding Dreamland cease the sale and distribution of product using the SANTA LUNA mark ("July 5 Letter"). Ex. 6.

24.    Dreamland has never responded to that July 2018 demand.  Dreamland continues to sell and distribute the Infringing Product.

25.    On information and belief, after receiving the July 5 Letter, the packaging for the Infringing Products was altered slightly. The overall impression of the packaging, however, remains substantially similar to the SANTA LUCIA packaging:





26.     Despite Dreamland's agreement in 2013 and Mr. Mohamed's 2014 affidavit affirming to cease all use of the SANTA LUNA Mark, Dreamland has returned to its bad acts of selling and distributing the Infringing Products. These acts demonstrate Dreamland is willfully acting to infringe upon Garofalo's rights in its trade dress and trademark to impermissibly benefit from the goodwill associated with Garofalo's SANTA LUCIA Mark and SANTA LUCIA Trade Dress.

27.     The acts of Dreamland have and will continue to cause irreparable injury to Garofalo if Dreamland is not restrained by the Court from further violation of Garofalo's rights in its trade dress and trademark.  Additionally, Dreamland is intentionally acting to deceive and mislead the public through the sale and distribution of the Infringing Products. Garofalo has no adequate remedy at law.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING
## UNDER THE LANHAM ACT
## 15 U.S.C. §1114

28.     Garofalo repeats and realleges the allegations made in paragraphs 1 through 27 above as if fully set forth herein.

29.     Garofalo is the owner of a valid and enforceable federal trademark registration of the SANTA LUCIA Mark for use with pasta. This registration is incontestable under 15 U.S.C. § 1065.

30.     Dreamland has used and continues to use the SANTA LUNA Mark to sell and distribute pastas. The SANTA LUNA Mark is substantially indistinguishable from the SANTA LUCIA Mark.

31.     As a past distributor of the Garofalo pasta product, Dreamland is well aware of the SANTA LUCIA product, and Dreamland was warned in the past that the sale of the SANTA LUNA product infringes Garofalo's SANTA LUCIA trademark rights.

32.     Dreamland's unlawful acts have been committed willfully, with the intention to cause confusion, mistake, and deception. By the continued or reinstituted sale and distribution of the SANTA LUNA pasta, Dreamland is willfully attempting to trade upon and usurp the considerable goodwill associated with the SANTA LUCIA Mark.

33.     Dreamland's unauthorized use in commerce of the SANTA LUNA Mark is likely to cause confusion that the source of the Infringing Product is Garofalo or that the Infringing Product is sponsored by, affiliated with, or otherwise approved or endorsed by Garofalo, all to the detriment of Garofalo and the public.

34.     Dreamland's unlawful acts have caused Garofalo irreparable harm and will continue to irreparably harm Garofalo unless enjoined.

35.     Upon information and belief, Dreamland has profited from its willful, unlawful actions and has been unjustly enriched to the detriment of Garofalo. Dreamland's unlawful actions have caused Garofalo monetary damage in an amount to be determined at trial.

## COUNT II
## TRADE DRESS INFRINGEMENT
## UNDER THE LANHAM ACT
## 15 U.S.C. §1125(a)

36.     Garofalo repeats and realleges the allegations made in paragraphs 1 through 35 above as if fully set forth herein.

37.     Garofalo's SANTA LUCIA Trade Dress is inherently distinctive and has acquired distinctiveness in the minds of its customers in that it identifies a single source for the pasta contained therein.

38.     Garofalo's unique combination of its identifying elements of its SANTA LUCIA Trade Dress is nonfunctional.

39.     Due to the use of packaging for pasta that is overwhelmingly similar to Garofalo's SANTA LUCIA Trade Dress, Dreamland has caused or is likely to cause confusion or mistake, or to deceive customers as to the affiliation, connection, or association of its products or as to the origin, sponsorship, or approval by Garofalo of SANTA LUNA products.

40.     Dreamland's unauthorized use in commerce of pasta with packaging  that is substantially similar in design to Garofalo's SANTA LUCIA Trade Dress constitutes infringement of Garofalo's trade dress rights and false designation of origin in violation of 15 U.S.C. § 1125(a).

41.     Dreamland's unlawful acts have caused Garofalo irreparable harm and will continue to irreparably harm Garofalo unless enjoined.

42.     Dreamland's unlawful acts were committed willfully, knowingly, maliciously, and in conscious disregard of Garofalo's rights

43.     On information and belief, Dreamland has profited from its willful and unlawful actions and has been unjustly enriched to the detriment of Garofalo. Dreamland's unlawful actions have caused Garofalo monetary damage in an amount to be determined at trial.

## COUNT III
## DECEPTIVE TRADE PRACTICES
## Minn. Stat. § 325D.44

44.     Garofalo repeats and realleges the allegations made in paragraphs 1 through 43 above as if fully set forth herein.

45.     Dreamland's acts described above regarding trademark infringement and trade dress infringement constitute unfair or deceptive trade practices in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

46.     Dreamland's acts described above regarding trademark infringement and trade dress infringement were committed willfully, knowingly, maliciously, and in conscious disregard of Garofalo's rights. Garofalo is entitled to preliminary and permanent injunctive relief to protect its trade name and trade dress.

### DEMAND FOR JURY TRIAL

47.     Garofalo demands a jury trial for all issues so triable.

### RELIEF REQUESTED

Therefore, the Garofalo Plaintiffs request an order and judgment against Dreamland and in favor of Garofalo:

A.     Providing that Dreamland, including its agents, affiliates, subsidiaries, employees, and all others acting in concert or participation with Dreamland who use the SANTA LUNA Mark, or any other trade dress or trademark that is confusingly similar to Garofalo's SANTA LUCIA Mark or SANTA LUCIA Trade Dress, be preliminarily and permanently enjoined from using such trademarks or trade dress, including:

(i)    using the SANTA LUNA Mark or any mark likely to cause confusion with the SANTA LUCIA Mark;

(ii)    using the current packaging and past packaging for the Infringing Product or any packaging that is likely to cause to confusion with SANTA LUCIA Trade Dress;

(iii)    committing any other act calculated or likely to cause the public or trade to believe that Dreamland or its business is in any manner connected, licensed, sponsored, affiliated, or associated with Garofalo, or from otherwise competing unfairly with Garofalo; and

B.    Ordering the impounding and delivery to Garofalo for destruction all Infringing Products, and the destruction of any advertising and promotional materials that include the infringing trademark and trade dress, and any infringing product packaging, to the extent that these materials include the infringing trade dress, infringing trademark, or any other mark or design that is confusingly similar to Garofalo's SANTA LUCIA Mark or SANTA LUCIA Trade Dress, that are in the possession, custody, or control of Dreamland;

C.    Ordering Dreamland to expressly abandon Minnesota Reg. No. 694593400026 for the mark PASTA SANTA LUNA PRODOTTO IN ITALIA;

D.    Ordering Dreamland account to Garofalo for all profits derived from Dreamland's wrongful acts, ordering either (1) such profits to be paid to Garofalo, and awarding damages and costs sustained by Garofalo, with appropriate interest, pursuant to

15 U.S.C. § 1117(a) or (2) awarding Garofalo statutory damages as elected by Garofalo before a final judgment is rendered pursuant to 15 U.S.C. § 1117;

E.     Awarding Garofalo its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. § 1117 and Minn. Stat. § 325D.45; and

F.     Granting such other and further relief as this Court deems proper and necessary.

Dated: December 5, 2018                    Respectfully submitted,

                                           s/ *Ruth Rivard*
                                           _____

                                           Kevin D. Conneely (#192703)
                                           Ruth Rivard (#327591)
                                           STINSON LEONARD STREET LLP
                                           50 South Sixth Street, Suite 2600
                                           Minneapolis, MN 55402
                                           Phone: (612) 335-1500
                                           Fax: (612) 335-1576
                                           kevin.conneely@stinson.com
                                           ruth.rivard@stinson.com

                                           *Attorneys for Plaintiffs Pastificio Lucio*
                                           *Garofalo S.p.A., and Garofalo USA, Inc.*