# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pastificio Lucio Garofalo S.p.A., and<br>Garofalo USA, Inc.,<br>            Plaintiffs,<br><br>v.<br><br>Dreamland Trading Inc.<br><br>            Defendant. | Case No. 0:18-cv-03326<br><br><br><br>**Answer to Plaintiff's Complaint,<br>Affirmative Defenses, and<br>Counterclaims** |

# ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Dreamland Trading Inc ("Dreamland"), through its counsel, answers the above captioned Complaint as set forth below. Unless specifically admitted, Dreamland denies each of the allegations contained in the Complaint.

## OBJECTIONS

Dreamland objects to the use of the pejorative "Infringing Product" as used throughout Plaintiffs' Complaint, and notes that the term is ambiguous and not defined in Plaintiffs' Complaint. However, Dreamland presumes that, as used throughout the Complaint, the term is intended to refer to product manufactured and distributed by Marafa Foods Ltd. For purposes of clarity, Dreamland will use the term Santa Luna Product throughout its Answer and Counterclaims in reference to the offending term.

## NATURE OF ACTION

1. Dreamland admits that Plaintiff purports to state claims for trademark and trade dress infringement under the Lanham Act and deceptive trade

practices under Minn. Stat. § 325D.44. Dreamland admits that it has distributed Santa Luna Product, however, Dreamland denies that said product is an "Infringing Product." Dreamland further denies that the Santa Luna Product is of lower quality. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1, and therefore denies the same.

## THE PARTIES

2. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore denies the same.

3. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, and therefore denies the same.

4. Dreamland admits that it is a Minnesota corporation and that it is a wholesale reseller of food. Dreamland denies that its principal place of business is located at 582 Huset Pkwy NE, Columbia Heights, MN 55421.

## JURISDICTION AND VENUE

5. Dreamland admits that in this action Plaintiffs attempts to assert claims under the Lanham Act, 15 U.S.C. § 1021(a) and 28 15 U.S.C. § 1331 and 1338(a), that the Court has federal-question jurisdiction over such claims and original and supplemental jurisdiction over deceptive trade practices claims pursuant to 28 USC §§ 1338(b) and 1367(a).

6. Admits

7. Dreamland admits that this is the correct district for venue over Plaintiffs'

claims.

## FACTUAL BACKGROUND

8. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

9. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

10. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

11. Dreamland admits that the representation of the physical packaging of product bearing the Santa Lucia name by Plaintiffs appears to be accurate. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that the combination of the packaging elements and overall appearance constitutes trade dress, and therefore denies the same.

12. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

13. Dreamland admits that immigrants to the United States from Eastern Africa are familiar with Santa Lucia branded pasta. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remainder of the allegations in this Paragraph, and therefore denies the same.

14. Dreamland admits that it has previously purchased pasta bearing the name Santa Lucia from Plaintiff Garofalo USA. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this Paragraph, and therefore denies the same.

15. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

16. Dreamland admits that it applied for and received in 2013 a Minnesota trademark registration for SANTA LUNA, with a claim of first use at least as early as August 8th, 2013. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this Paragraph, and therefore denies the same.

17. Dreamland admits that the literal elements of the brand names Santa Lucia and Santa Luna both share the common honorific title "Santa" and the first two letters of second term of each literal element. As Dreamland is not the manufacturer of the Santa Luna Product, Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies the same.

18. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies

the same.

19. Dreamland admits that, through counsel, Dreamland advised Plaintiffs that Dreamland would stop purchases and sales of the Santa Luna Product upon the fulfillment of outstanding contractual obligations. Dreamland lacks knowledge or information sufficient to form a belief at this time as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies the same.

20. Admits

21. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

22. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

23. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

24. Dreamland lacks knowledge of whether Plaintiffs sent a letter to Dreamland in July of 2018. Accordingly, Dreamland admits that it did not responded to the alleged letter. Dreamland admits that it sells Santa Luna branded products, but denies that it sells or distributes infringing product. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in this Paragraph, and therefore

denies the same.

25. Dreamland admits that the packaging of the Santa Luna Product it sells appears to have been modified in 2018. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies the same.

26. Denied.

27. Denied.

## COUNT I TRADEMARK INFRINGEMENT AND COUNTERFEITING UNDER THE LANHAM ACT

28. Dreamland incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

29. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

30. Dreamland admits that it sells a product using the literal element SANTA LUNA. Dreamland denies the remaining allegations in this Paragraph.

31. Dreamland admits that it previously distributed the Garofalo pasta product using the Santa Lucia brand. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies the same.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT

36. Dreamland incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

37. Dreamland lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies the same.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT III DECEPTIVE TRADE PRACTICE

44. Dreamland incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

45. Denied.

46. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

47. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

48. The claims made in the Complaint are barred, in part, on the basis that aspects of the trade dress claims are functional as aspects of labeling and packaging of product regulated by the FDA and the Food, Drug and Cosmetic

Act ("FDCA"), or are other functional to protect the integrity of the products packaged therin.

49. The claims made in the Complaint are barred, in whole or in part, on the basis that some parts of the claimed marks are generic.

50. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

51. Plaintiff's claims are barred by laches, in that Plaintiffs have unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Dreamland's actions, and that such delay failed to mitigate or reasonably avoid all or part of Plaintiffs' claims.

52. Plaintiff's claims are barred by laches, in that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any, despite their full awareness of Marafa Foods Ltd's actions, and that such delay failed to mitigate or reasonably avoid all or part of Plaintiffs' claims.

53. The claims made in the Complaint are barred, in whole or in part, on the basis that any infringement, if any, was non-willful.

54. Plaintiffs' claims for damages against Dreamland are barred in whole or in part, on the basis that Plaintiffs could have mitigated or reasonably avoided all or part of the claimed damages by registering the PASTA SANTA LUCIA S S GRAGNANO NAPOLI-ITALIA & DESIGN registration (Reg. No. 4104368) with U.S. Customs, prior to bringing this action so as to prevent the importation into the United States.

55. The claims made in the Complaint are barred, in whole or in part, on the

basis of unclean hands, namely: Plaintiffs' breach of their agreement to continue sales of Santa Lucia products to Dreamland.

56. . The claims made in the Complaint are barred, in whole or in part, on the basis of unclean hands, namely: Violation of Minn. Stat. § 325D.53, Minn. Stat. § 325D.68, and Article 1 of the Sherman Act 1.

## DREAMLAND TRADING, INC.'S COUNTERCLAIMS

Dreamland hereby asserts the following Counterclaims against Plaintiffs Pastificio Lucio Garofalo S.p.A., and Garofalo USA, Inc.

## BACKGROUND

1. Dreamland is a wholesale food distributor engaged in the buying and reselling of food, assembling it for distribution, loading it for transport, and delivering it to customers like supermarkets, and food service establishments. Dreamland services ethnic food stores in the Minneapolis / Saint Paul region.

2. Plaintiffs manufacture and distribute a brand of pasta under the SANTA LUCIA Mark, which is commonly sold in East African countries such as Somalia.

3. The Minneapolis / Saint Paul region is home to the largest population of foreign-born Somali immigrants in the United States.

4. Prior to 2015, Dreamland purchased pasta products bearing the name Santa Lucia from Plaintiffs.

5.   In 2013, Plaintiffs objected to Dreamlands resale of products purchased by Dreamland which bore the name Santa Luna, and which Plainitffs alleged violated their trademarks as related to U.S. Registration No. 4104368. Despite objection to the claims of Plaintiffs, Dreamland elected to cease future sales of products bearing the Santa Luna name, with the understanding that Plaintiffs would continue to sell its SANTA LUCIA product line directly to Dreamland.

6.   Subsequent to Dreamlands decision to cease sales of the Santa Luna branded products, Plaintiffs continued to sell SANTA LUCIA branded products directly to Dreamland at wholesale prices, including sales as recently as February of 2016.

7.   Beginning in 2016, Plaintiffs began refusing orders from Dreamland, and directed its sales staff and sub-distributors to refuse sales of the Santa Lucia product line directly or indirectly to Dreamland, and such third-parties have agreed to restrict said sales.

8.   Upon information and belief, Plaintiffs currently supply Santa Lucia branded products to other wholesale food distributors across the United States, and such sales are not provided on an exclusive basis.

9.   Upon information and belief, Plaintiffs currently supply Santa Lucia branded products to Capital Distributors LLC, a Minnesota Limited Liability Company. Capital Distributors is a direct competitor of Defendant Dreamland.

### COUNTERCLAIM COUNT 1 — BREACH OF CONTRACT

10. Dreamland incorporates by reference the allegations contained in paragraphs 1-9 of this Counterclaim as if fully set forth herein.

11. Plaintiffs, through words and actions, agreed to sell their SANTA LUCIA product line directly to Dreamland on an ongoing and continuous basis.

12. In early 2016, began to refuse proffered sales request from Dreamland.

13. Plaintiffs' breach of their prior agreement has caused Dreamland irreparable harm and will continue to harm Dreamland unless enjoined.

### COUNTERCLAIM COUNT 2 — TORTIOUS INTERFERNCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

14. Dreamland incorporates by reference the allegations contained in paragraphs 1-13 of this Counterclaim as if fully set forth herein.

15. Plaintiffs are aware of Dreamlands business.

16. Plaintiffs have wrongfully and knowingly prevented third-parties from reselling Plaintiffs' products to Dreamland on a wholesale basis, and thereby preventing Dreamland from offering said products to its customer base.

17. Plaintiffs' actions have caused Dreamland irreparable harm and will continue to harm Dreamland unless enjoined.

### COUNTERCLAIM COUNT 3 — MINN. STAT. 325D.53 — REFUSING TO DEAL

18. Dreamland incorporates by reference the allegations contained in paragraphs 1-17 of this Counterclaim as if fully set forth herein.

19. Upon information and belief, Plaintiffs have taken action in concert with Capital Distributors and other third-parties to refuse sales of Santa Lucia Products to Dreamland.

20. Upon information and belief, Plaintiffs have instructed its sales personnel to refuse sales to any wholesaler who may redistribute products to Dreamland.

21. Upon information and belief, the actions of Plaintiffs has resulted in increased prices for the Santa Lucia branded products in the Minneapolis / Saint Paul market, and specifically in stores frequented by the East-African immigrant communities.

22. Plaintiffs conduct constitutes the intentional and unlawful refusal to deal, in violation of Minn. Stat. 325D.53.

### COUNTERCLAIM COUNT 4 — SHERMAN ACT SECTION 1 — REFUSING TO DEAL

23. Dreamland incorporates by reference the allegations contained in paragraphs 1-22 of this Counterclaim as if fully set forth herein.

24. Plaintiffs conduct constitutes the intentional and unlawful refusal to sell, in violation Section 1 of the Sherman Act, 15 U.S.C. § 1.

### PRAYER FOR RELIEF

WHEREFORE, Dreamland prays for judgment in its favor and against Plaintiffs as follows:

a) Finding that Plaintiffs breached the terms of their agreement with Dreamland and participated in the tortious interference with prospective contractual relations;

b) Finding that Plaintiffs engaged in unlawful anticompetitive conduct in violation of Minn. Stat. 325D.53 and Section 1 of the Sherman Act (15 U.S.C. § 1);

c) An Order directing the termination of the anticompetitive conduct and injunctive relief that restores competition to the markets at issue, including but not limited to restoring Dreamland's ability to purchase Plaintiffs' pasta products for resale to the relevant market;

d) Treble damages (including lost profits), in an amount to be determined at trial and that cannot now be adequately quantified before relevant discovery;

e) Dreamland's costs of suit herein, including its attorneys' fees actually incurred; and

f) Such other relief as may be just and proper.

*Respectfully submitted,*

Defendant Dreamland Trading, Inc.

*By their attorney*

*s/KLK*
Kenneth L. Kunkle
Atty# 0268999
Attorney for Defendant Dreamland Trading, Inc.
Kunkle Law PLC
2332 Lexington Ave.
Roseville, MN 55113
612-414-3113
kenneth@kunklelaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the forgoing with the Clerk of the Court for the United States District Court, Minnesota District by using the CMF/ECF system, and served on Plaintiffs' counsel by sending said copy by electronic means on the date below to:

Richard Conneely
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Email: Kevin.conneely@stinson.com

Dated: January 7, 2019

s/Kenneth Kunkle
Bar # 0268999
Kunkle Law PLC
2332 Lexington Ave.
Roseville, MN 55113
612-414-3113
kenneth@kunklelaw.com