UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Pastificio Lucio Garofalo S.p.A. and
Garofalo USA, Inc.,

       Plaintiffs,

v.

Dreamland Trading Inc. and Mohamed
Mohamed, an individual,

       Defendants.

Case No. 18-cv-3326 (JNE/TNL)
CONSENT JUDGMENT AND
PERMANENT INJUNCTION

This matter is before the Court at the request of the parties. The parties have agreed to the Court entering a consent judgment, permanent injunction and order ("Consent Judgment and Permanent Injunction") as a full and final settlement of all claims, counterclaims, and defenses presently before the Court. Plaintiffs Pastificio Lucio Garofalo S.p.A. ("Garofalo Italy") and Garofalo USA, Inc. ("Garofalo USA") (collectively, "Garofalo") have brought claims against defendants Dreamland Trading Inc. ("Dreamland") and Mohamed Mohamed ("Mohamed") (collectively, "Defendants") for infringement of Garofalo Italy's federally registered trademark and for counterfeiting under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin by infringing certain trade dress under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and Deceptive Trade Practices under Minnesota state law, codified at Minn. Stat. § 325D.44.  Defendant Dreamland has asserted counterclaims of breach of contract and tortious interference with prospective contractual relations.

1

Having had a full opportunity to review and prepare a defense to the claims and an opportunity to review the matter with legal counsel of their own choosing, and having voluntarily entered into a separate written Settlement Agreement, Defendants now stipulate and agree to entry by the Court of this Consent Judgment and Permanent Injunction in favor of Garofalo and against Defendants, as set out below.

NOW THEREFORE, upon consent of the parties, it is **HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendants because the claims asserted arise under federal law and the Court may properly also exercise original and supplemental subject matter jurisdiction over the substantially related state law claims.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff Garofalo Italy is the owner of valid and subsisting United States Trademark Registration No. 4104368 on the Principal Register in the United States Patent and Trademark Office for the design mark as shown below:



This registered trademark is referred to in the First Amended Complaint and herein as the "SANTA LUCIA Mark."

4.      The SANTA LUCIA Mark was registered on February 28, 2012, for use with pasta. The SANTA LUCIA Mark registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.



5.      As shown in the above image of the SANTA LUCIA packaging, the distinctive SANTA LUCIA Mark is centered on the package, with a majority of the central portion of the design mark in red. The rectangular border of the SANTA LUCIA design mark is colored blue and outlined in white. A white banner provides the background for the brand name SANTA LUCIA, which is in gold letters. A white banner also provides the background for the term GRAGNANO. To the left of center, and next to the SANTA LUCIA Mark, is a red, white and green banner displayed above the phrase "100% durum wheat semolina macaroni product." Both ends of the packaging are mirror images of each other, set forth in a deep blue color with matching white banners with the name SANTA LUCIA in the banner and beneath each banner is a circle with a red "S" in the center. The combination of the above elements and overall appearance of the packaging is the "SANTA LUCIA Trade Dress."

6.      Garofalo asserts that Defendants' acts, as described in the First Amended Complaint, have caused and, if unrestrained, are likely to cause confusion, mistake, and

deception among the relevant consuming public as to the source or origin of the Defendants' Santa Luna pasta. Garofalo further asserts that those same acts have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' Santa Luna pasta originates from, is associated or affiliated with, or is otherwise authorized by Garofalo.

7. Pursuant to the parties' separate written Settlement Agreement, Defendants admit to liability on all claims as set forth in the First Amended Complaint.

8. Judgment is hereby entered against Defendants, jointly and severally, on each of the claims as set forth in the First Amended Complaint. Defendants' counterclaims are hereby dismissed with prejudice.

9. Garofalo is hereby awarded monetary damages in the amount of $80,000. The terms of payment and satisfaction of this monetary award are governed by the parties' separate written Settlement Agreement, and in the event of breach by Defendants in payments required by that Settlement Agreement, Garofalo or its agents or assigns may levy upon and execute the above judgment amount in full. In the event that all payments required by the parties' Settlement Agreement are fully and timely made, however, Garofalo will provide to Defendants, within fourteen days after the last required payment, a satisfaction of judgment in recordable form for the $80,000 judgment.

10. Defendants hereby waive any and all right to an appeal from this Consent Judgment and Permanent Injunction.

11. Defendants Dreamland and Mr. Mohamed, together with all of Dreamland's other officers, agents, servants, employees, representatives, and successors and assigns,

and all other persons, firms, or companies in active concert or participation with Defendants, are permanently enjoined and restrained from directly or indirectly:

    (a) manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote any pasta products: bearing the Santa Luna Mark, bearing any mark likely to cause confusion with the SANTA LUCIA Mark; using a trade dress that is likely to cause confusion with the SANTA LUCIA Trade Dress; or bearing any other mark or using any other trade dress that is a counterfeit, copy, simulation, or colorable imitation of Garofalo's SANTA LUCIA Mark or SANTA LUCIA Trade Dress;

    (b) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendants' pasta products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Garofalo;

    (c) registering or applying to register any trademark, service mark, domain name, trade name, trade dress or other source identifier or symbol of origin consisting of or incorporating the Santa Luna Mark or any other mark likely to cause confusion with Garofalo's SANTA LUCIA Mark or trade dress likely to cause confusion with Garofalo's SANTA LUCIA Trade Dress; and

    (d) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by this Consent Judgment and Permanent Injunction.

12. Defendants shall identify and account for any Santa Luna pasta product still in their possession, custody or control (including any such product that is returned to Defendants for any reason by the reporting date) as of November 1, 2019. Defendants further agree that all such remaining Santa Luna pasta product shall be destroyed all at Defendants' sole expense within thirty days of the reporting date. By November 30, 2019, Defendants shall provide to Garofalo a signed, written certification to Garofalo of the date of destruction and the quantity destroyed.

13. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of each of the parties and their respective indemnitors, successors, assigns, and acquiring companies.

14. If either or both Defendants are found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Garofalo shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorney's fees, costs, and any other relief deemed proper in the event of such violation. Without limiting the foregoing sanctions that Garofalo may seek, Defendants specifically agree that for any future violation of the parties' Settlement Agreement or this Consent Judgment and Permanent Injunction, Defendants shall be jointly and severally liable in contempt to pay Garofalo no less than three times the amount of profit arising from such conduct giving rise to the violation.

15. Garofalo shall also be entitled to an award of the reasonable attorney's fees, costs and expenses incurred by Garofalo for Defendants' violation of this Consent Judgment and Permanent Injunction.

16. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

17. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

**IT IS SO ORDERED.**

Dated: October 30, 2019

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

**Pastificio Lucio Garofalo S.p.A**

By: s/Luca de Luca

Its: VP of Sales

Date: October 25, 2019

**Garofalo USA, Inc.**

By: s/Piero Signorini

Its: Managing Director

Date: October 25, 2019

**Dreamland Trading Inc.**

By: s/Mohamed Mohamed

Its: CEO/President

Date: October 24, 2019

**Mohamed Mohamed**

s/Mohamed Mohamed

Date: October 24, 2019